LAW OFFICES
# HATCHER, STUBBS, LAND, HOLLIS & ROTHSCHILD, LLP

Received
3 Oct 05

WILLIAM B. HARDEGREE*
MORTON A. HARRIS
J. BARRINGTON VAUGHT
CHARLES T. STAPLES
JAMES E. HUMES II
JOSEPH L. WALDREP
ROBERT C. MARTIN, JR.
GEORGE W. MIZE, JR.
JOHN M. SHEFTALL
ALAN F. ROTHSCHILD, JR.
WILLIAM C. POUND
GREGORY S. ELLINGTON*
NEAL J. CALLAHAN*
BRADLEY R. COPPEDGE*
CARTER P. SCHONDELMAYER*
MARJORIE MORTON SMITH*
SARAH E. HART

233 12TH STREET
SUITE 500, THE CORPORATE CENTER
COLUMBUS, GEORGIA 31901

POST OFFICE BOX 2707
COLUMBUS, GEORGIA 31902-2707

Telephone (706) 324-0201
Telecopier (706) 322-7747
mailman@hatcherstubbs.com

Writer's Direct Dial Number: (706) 243-6203
Writer's Direct E-Mail Address: cps@hatcherstubbs.com

ALSO ADMITTED IN ALABAMA

RETIRED
AARON J. LAND

SAMUEL B. HATCHER (1850-1937)
S.B. HATCHER (1887-1968)
J. MADDEN HATCHER (1897-1975)
A. EDWARD SMITH (1902-1962)
HOWELL HOLLIS (1919-1991)
ALBERT W. STUBBS (1913-2001)
ALAN F. ROTHSCHILD (1925-2004)

September 30, 2005

**Via Certified Mail**

Human Resources Division
Cessna Aircraft Co.
4800 Cargo Drive
Columbus, Georgia 31907

RE: *Termination of Richard Knox*

To Whom it May Concern:

Please be advised that my Firm has been retained to represent Mr. Richard Knox regarding his termination from your employment. As I understand the situation, Mr. Knox provided notice on September 8th, 9th and 12th to the Human Resources area, the medical staff and his supervisor that he had suffered an injury in an accident that required continuing treatment. He was told by both his physician and your company nurse that he was incapacitated and could not continue to work while on the medication prescribed for this serious health condition. Therefore, on September 12th, he initiated the appropriate paperwork to begin an FMLA leave and was assured that he would not lose his job while taking the next week for leave. He immediately forwarded the paperwork to his physician. That paperwork was available and presented to your office on September 19th, when Mr. Knox returned to work. I have enclosed another copy for your review.

Instead of evaluating the paperwork or the reasons for the leave or investigating the notice provided by Mr. Knox, he was immediately terminated. The policy under which he was fired indicated two previous absences were "no-call, no-shows", and this absence counted as the third of those events to warrant termination. It should be noted that each of the leaves and absences experienced by Mr. Knox were due to medical reasons and under a physician's advice, facts which were known to your company. Those two absences were also protected by the FMLA.

**EXHIBIT 1**

386629-1

PAGE 1/3 * RCVD AT 10/5/2005 9:10:15 AM [Central Daylight Time] * SVR:CESSNA80/19 * DNIS:3077 * CSID:7065692304 * DURATION (mm-ss):01-16

   I recount much of this information in an effort to demonstrate that it is our belief that Mr. Knox was improperly terminated, in violation of and in retaliation of using his rights under the FMLA. While it is not my client's desire to be litigious about this matter, he must protect his interests. I am, therefore, authorized to offer that this matter may be resolved by reinstatement of his position immediately with no loss in pay due to this incident. If this offer is not accepted within ten days of the date of this letter, then my client will have no option but to pursue every available legal avenue, including liquidated damages and attorneys' fees. I look forward to hearing from you and remain,

                    Very truly yours,

                    Carter P. Schondelmayer

CPS/sb

cc: Richard Knox

386629-1



# Horizons Diagnostics, LLC.

**FAMILY PRACTICE**
H. BANKS CARROLL, M.D.
ROBERT BUSH, M.D.
GREGORY PARKER, M.D.
MICHAEL A. SIMS, M.D.
W. ALLEN WHITTEN, M.D.
TERRY A. CONE, M.D.

**INTERNAL MEDICINE**
LAWRENCE WILLIAMS, M.D.

## FAMILY AND INTERNAL MEDICINE
3334 WOODRUFF ROAD • COLUMBUS, GEORGIA 31904 • 706-322-0304

### PHYSICIAN'S STATEMENT

TO: _____

PATIENT: Richard Kubs    DATE: 9/12/05

The above named Patient has received treatment at this Medical Office on the following dates:

PATIENT:
☐ May return to work/school on _____
☐ Will be unable to participate in routine Physical Education Classes until _____
☐ Has been ill and unable to work from 9/12/05
☐ May be able to resume regular work on 9/12/05
☐ May be able to resume restricted work as follows _____

☐ Be scheduled for return visit on _____

_____ M.D.

E-mail 10/5/05


Cessna
A Textron Company

DIRECT PHONE: 316-831-4202
DIRECT FAX: 316-206-3077
E-MAIL: mdflesher@cessna.textron.com

October 5, 2005

**VIA E-MAIL: cps@hatcherstubbs.com**

Carter P. Schondelmayer
Hatcher Stubbs, et al.
233 12th Street, Suite 500
Columbus, GA 31901

**Re: Richard Knox**

Dear Mr. Schondelmayer:

Your September 30, 2005, letter has been forwarded to me for response. You may direct any future correspondence on this matter to me at the address below.

I have requested Mr. Knox's employment files and, after I review them, I will be in a position to give you Cessna's final response to your demand for reinstatement. In the interim, I must advise you that, contrary to what you may have been told, Mr. Knox never presented the Physician's Statement appended to your letter to Cessna, either on the 19th or during his subsequent peer review hearing. The first time anyone at Cessna saw this Statement was upon receipt of your letter.

Again, I will soon have Mr. Knox's files in my possession and expect to be able to respond more fully to your letter. You will hear from me shortly.

Very truly yours,

CESSNA AIRCRAFT COMPANY

Matthew D. Flesher
Assistant General Counsel

EXHIBIT 2

Cessna Aircraft Company 5800 E. Pawnee, Wichita, Kansas 67218, 316/831-4202, Fax 316/206-30
Mailing Address: P. O. Box 7704, Wichita, KS 67277-7704


**Cessna**
A Textron Company

DIRECT PHONE: 316-831-4202
DIRECT FAX: 316-206-3077
E-MAIL: mdflesher@cessna.textron.com

October 18, 2005

**VIA E-MAIL: cps@hatcherstubbs.com**

Carter P. Schondelmayer
Hatcher Stubbs, et al.
233 12th Street, Suite 500
Columbus, GA 31901

**Re: Richard Knox**

Dear Mr. Schondelmayer:

I apologize for the delay in getting back to you and I appreciate your patience. I have reviewed Mr. Knox's employment files and, as promised, am now writing to give you Cessna's final response to your client's demand for reinstatement. This letter is a communication made for the purposes of furthering discussions regarding settlement of disputed claims and issues and should be treated accordingly.

As I am sure you are aware, neither the fact that an absence is potentially FMLA-qualifying nor the fact that such absence is subsequently approved for FMLA leave relieves an employee from complying with the employer's attendance policies, including any policy requiring that the employee call in a timely fashion to advise if they are going to miss their scheduled work shift. Even if the absence itself is excused, the employee may still be subject to discipline for failure to make a required call-in.

In Mr. Knox's case, he reported for work on September 12, 2005. He had a doctor's release returning him to work without restrictions. This release made no indication that any medications were required. However, after working for a couple of hours, in conversation with Cessna's Health and Safety Coordinator, Mr. Knox advised that he was taking Lorcet for pain and that this medication made him feel "fuzzy headed."

For safety reasons that should be obvious, Cessna has a policy against employees taking narcotic medicines while working. As a result, Mr., Knox was advised that he

**EXHIBIT 3**

would not be permitted to work while taking the Lorcet. He was advised to either obtain a non-narcotic alternative pain reliever or to contact his physician to determine whether the physician would qualify him for additional leave until such time as narcotic pain relievers were no longer necessary. He was provided with FMLA paperwork in case he elected to pursue the latter course of action.

Thus, when Mr. Knox left work on the 12th, Cessna had no idea which course of action he would take. Mr. Knox was scheduled to work on the 13th, and under Cessna's attendance policies, it was incumbent upon him to either show up for work (presumably free of narcotic pain relievers) or call in and advise Cessna that he would not be able to do so. Mr. Knox failed to do either on the 13th and again on the 14th. Under Cessna's well-established and well-understood policies, this failure was sufficient grounds for termination.

With all this said, and in light of all the facts, I am nevertheless willing to give Mr. Knox the benefit of the doubt as to whether a misunderstanding was created on the 12th regarding what was expected of him. Because he was given two options, one of which was to come in for work free of narcotics and the other of which was to seek a medical recommendation for additional leave during the use of the drugs, Mr. Knox may have erroneously concluded that if he didn't show up or call in, Cessna would assume that he had received the doctor's recommendation, etc.

Therefore, I am willing to recommend to management in Columbus that they reinstate Mr. Knox -- without back pay -- at his former position and former rate of pay, with the understanding that when he returns, his status with respect to matters of attendance and discipline will be exactly as they had been on September 12. Also, I want to have expressly understood that the events surrounding Mr. Knox's reinstatement in no way creates a waiver or modification of, or exception by course of dealing to Cessna's call-in procedures. Mr. Knox is specifically cautioned that he must follow the call-in procedure with respect to all future absences and should never again make assumptions that he is excused from doing so. The call-in rule applies to all absences except those for that are long-term or of a definite and fixed duration.

Cessna will require that Mr. Knox have completed the required FMLA physician's certification form for the week of September 12-18 (and for any additional period when he was unable to work because he was taking narcotic pain relievers as part of his treatment regimen). I will also need to have a confirmation that Mr. Knox will not be taking any narcotic pain relievers either prior to or during his normal work hours.

So long as he is not taking any narcotic medicines and is not otherwise unable to work, Mr. Knox may report to the Human Resources office for processing of his reinstatement on Monday October 24, 2005. He will be returned to work that same day, barring any unforeseen complications. Please advise me by the close of business on Thursday,

October 20, 2005, if Mr. Knox plans to return to work on the 24th, so that we may be prepared for him.

Thank you again for your patience awaiting this response. I look forward to hearing from you.

Very truly yours,

CESSNA AIRCRAFT COMPANY

Matthew D. Flesher
Assistant General Counsel

LAW OFFICES
# HATCHER, STUBBS, LAND, HOLLIS & ROTHSCHILD, LLP

WILLIAM B. HARDEGREE*
MORTON A. HARRIS
J. BARRINGTON VAUGHT
CHARLES T. STAPLES
JAMES E. HUMES II
JOSEPH L. WALDREP
ROBERT C. MARTIN, JR.
GEORGE W. MIZE, JR.
JOHN M. SHEFTALL
ALAN F. ROTHSCHILD, JR.
WILLIAM C. POUND
GREGORY S. ELLINGTON*
NEAL J. CALLAHAN*
BRADLEY R. COPPEDGE*
CARTER P. SCHONDELMAYER*
MARJORIE MORTON SMITH*
SARAH E. HART

233 12TH STREET
SUITE 500, THE CORPORATE CENTER
COLUMBUS, GEORGIA 31901

POST OFFICE BOX 2707
COLUMBUS, GEORGIA 31902-2707

Telephone (706) 324-0201
Telecopier (706) 322-7747
mailman@hatcherstubbs.com

Writer's Direct Dial Number: (706) 243-6203
Writer's Direct E-Mail Address: cps@hatcherstubbs.com

ALSO ADMITTED IN ALABAMA

RETIRED
AARON J. LAND

SAMUEL B. HATCHER (1850-1937)
S.B. HATCHER (1887-1968)
J. MADDEN HATCHER (1897-1975)
A. EDWARD SMITH (1902-1962)
HOWELL HOLLIS (1919-1991)
ALBERT W. STUBBS (1913-2001)
ALAN F. ROTHSCHILD (1925-2004)

October 19, 2005

**Via Email**
Mr. Matthew Flesher
Assistant General Counsel
Cessna Aircraft Co.
5800 E. Pawnee
Wichita, KS 67277

RE: *Termination of Richard Knox*

Dear Mr. Flesher,

    I am in receipt of your correspondence dated October 18, 2005. I am not certain that you understand the full circumstances of Mr. Knox's departure from Cessna, nor the information he provided to the supervisory staff there. In addition, your correspondence confirms that Cessna failed entirely to meet its affirmative burdens under the FMLA to assist Mr. Knox with his absence and to make that determination in an appropriate manner. Contrary to your correspondence, I believe that we can demonstrate beyond any reasonable doubt that Mr. Knox notified his management of a potentially qualifying FMLA situation, that his situation did qualify under that Act, and that it was his absence that cost him his employment. You have the substantiating information from his physician, and more information could be obtained, if necessary, during litigation. Our offer at this time is quite generous. You may forego the threat and expense of a lawsuit by simply restoring Mr. Knox to his employment in the manner in which he would have enjoyed absent these incorrect actions. There is no excuse to forego payment of Mr. Knox, and I would request that you reconsider this recommendation. Otherwise, we will have no choice but to proceed with litigation. I look forward to hearing from you by the end of this week and remain,

Very truly yours,

Carter P. Schondelmayer

CPS/sb

cc: Richard Knox

387870-1

**EXHIBIT 4**

OCT 2 5 2005


**Cessna**
A Textron Company

DIRECT PHONE: 316-831-4202
DIRECT FAX: 316-206-3077
E-MAIL: mdflesher@cessna.textron.com

October 20, 2005

**VIA E-MAIL: cps@hatcherstubbs.com**

Carter P. Schondelmayer
Hatcher Stubbs, et al.
233 12th Street, Suite 500
Columbus, GA 31901

**Re:  Richard Knox**

Dear Ms. Schondelmayer:

First, allow me to apologize for referring to you as Mr. Schondelmayer in all of my previous correspondence. The cover message from Sandy Baxley accompanying your latest letter alerted me to my error.

Next, as to the substance of your letter, it certainly appears that there is a difference of opinion as to the facts underlying the dispute between Mr. Knox and Cessna. Based on the facts as I understand them today, I do not see how Cessna has, as you maintain, failed in its affirmative duties under the FMLA. However, I am quite willing to hear you out and to carefully consider your arguments if you are willing to educate me.

I would suggest -- in order to allow you and I time to continue our dialog on back pay without further delaying Mr. Knox's return to the payroll -- that we agree that by accepting reinstatement on Monday as outlined in my last letter, Mr. Knox is not waiving his claims for back pay. I think this arrangement would be in both of our client's best interests at this point.  Please contact me as soon as possible to let me know if we can expect Mr. Knox on Monday.


EXHIBIT
5

**Cessna Aircraft Company** 5800 E. Pawnee, Wichita, Kansas 67218, 316/831-4202, Fax 316/206-3077
Mailing Address: P. O. Box 7704, Wichita, KS 67277-7704

I look forward to hearing from you.

Very truly yours,

CESSNA AIRCRAFT COMPANY

Matthew D. Flesher
Assistant General Counsel

LAW OFFICES
# HATCHER, STUBBS, LAND, HOLLIS & ROTHSCHILD, LLP

WILLIAM B. HARDEGREE*
MORTON A. HARRIS
J. BARRINGTON VAUGHT
CHARLES T. STAPLES
JAMES E. HUMES II
JOSEPH L. WALDREP
ROBERT C. MARTIN, JR.
GEORGE W. MIZE, JR.
JOHN M. SHEFTALL
ALAN F. ROTHSCHILD, JR.
WILLIAM C. POUND
GREGORY S. ELLINGTON*
NEAL J. CALLAHAN*
BRADLEY R. COPPEDGE*
CARTER P. SCHONDELMAYER*
MARJORIE MORTON SMITH*
SARAH E. HART

233 12TH STREET
SUITE 500, THE CORPORATE CENTER
COLUMBUS, GEORGIA 31901

POST OFFICE BOX 2707
COLUMBUS, GEORGIA 31902-2707

Telephone (706) 324-0201
Telecopier (706) 322-7747
mailman@hatcherstubbs.com

Writer's Direct Dial Number: (706) 243-6203
Writer's Direct E-Mail Address: cps@hatcherstubbs.com

ALSO ADMITTED IN ALABAMA

RETIRED
AARON J. LAND

SAMUEL B. HATCHER (1850-1937)
S.B. HATCHER (1887-1968)
J. MADDEN HATCHER (1897-1975)
A. EDWARD SMITH (1902-1962)
HOWELL HOLLIS (1919-1991)
ALBERT W. STUBBS (1913-2001)
ALAN F. ROTHSCHILD (1925-2004)

October 24, 2005

**Via Email**
**Settlement Discussion Purposes Only**

Mr. Matthew Flesher
Assistant General Counsel
Cessna Aircraft Co.
5800 E. Pawnee
Wichita, KS 67218

      RE:    *Termination of Richard Knox*

Dear Mr. Flesher,

      I welcome the opportunity to discuss this matter with you. First, let me state that Mr. Knox more than fulfilled all of the duties required by the FMLA by providing his employer with notice that he would be taking FMLA leave and would provide the necessary medical certification. He not only provided the basis for the leave, but he also indicated to several people at Cessna the extent of the leave as required. His physician has provided supporting documentation, which he did in fact show to Human Resources and his peer review committee within the time limits required by the FMLA <u>and</u> your policies. The Peer Review committee refused to accept the documentation, and the Human Resources office had written notice that Mr. Knox was excused from September 12th through the 19th by his physician. As you know, Mr. Knox's physician subsequently provided that he would be eligible for leave for at least three weeks. The documentation provided to Cessna also notes that Mr. Knox was incapacitated, unable to work and was undergoing continuing treatment in his office in addition to having tests performed in the Hospital. It is my understanding that Mr. Knox is still under his care. As for providing continuing notices of his daily absences, the FMLA does not have that requirement, nor does it allow for an employer to impose those conditions on an FMLA leave. Mr. Knox provided adequate notice of his intentions to use the FMLA as well as the necessary extent of his leave, as soon as that information was available to him. No one from Cessna asked Mr. Knox for

388118-1

EXHIBIT 6

any additional information, nor did they attempt to substantiate any facts forming the basis of his leave. As far as Mr. Knox knew, his entitlement to FMLA leave was not in question. In fact, the Human Resources representative, as well as the Company Nurse, assured Mr. Knox that taking the FMLA leave would not cost him his job. It should be noted that your letter does little to address the two situations in February, where Mr. Knox's medical leave was also interfered with during a surgery period. Mr. Knox also provided notification of the need for his absence on those two days, yet they remain as part of the basis of the recommended discipline here. I can assure you that a jury in Columbus, Georgia will not be very appreciative of the manner in which Mr. Knox has been treated for his medical conditions.

Mr. Knox is willing to accept the offer of reinstatement upon several conditions. First, he does not waive or release any claims he is making under the FMLA or any other applicable law for his unpaid wages, benefits or attorneys' fees that he will be entitled to for the resolution of his termination, which he has expressly stated was in violation of his FMLA rights. Second, he does not waive any rights he has with respect to the seniority and reinstatement position that is offered, if that does not meet in accordance with the law. Third, he had planned vacation which was previously approved by his supervisors for November 10-17th, with twenty hours to be unpaid. Fourth, he shall return without a disciplinary record of the no-call, no-shows, as we have medical paperwork and FMLA paperwork to substantiate that those were acceptable FMLA leaves and not entitled to be the basis of disciplinary action.

With those conditions in mind, Mr. Knox can agree to begin work on October 31, 2005. I know that I do not have to remind you, but any attempt to interfere with the conditions or with the benefits of Mr. Knox's employment after his return to the job shall constitute unlawful retaliation, and I expect that you will advise your Human Resources Department in Columbus accordingly. Mr. Knox is, of course, going to abide by all rules of working without the pain medication that he was undertaking from his accident.

In the meantime, I would suggest that you seriously consider the offer to reinstate Mr. Knox with pay and all benefits. You will pay that amount, and most assuredly more, in defending a lawsuit. Even if Mr. Knox's damages are lessened by the acceptance of this employment, I can assure you that my fees can get quite expensive. Please let me hear from you as soon as possible. I intend to file suit at the beginning of next week. I remain,

Very truly yours,

Carter P. Schondelmayer

CPS/sb

cc: Richard Knox



DIRECT PHONE: 316-831-4202
DIRECT FAX: 316-206-3077
E-MAIL: mdflesher@cessna.textron.com

October 28, 2005

**VIA E-MAIL: cps@hatcherstubbs.com**

Carter P. Schondelmayer
Hatcher Stubbs, et al.
233 12th Street, Suite 500
Columbus, GA 31901

**Re: Richard Knox**

Dear Ms. Schondelmayer:

This is in response to your October 24 letter and our telephone conversation of a few minutes ago, I offer the following:

1. Cessna's offer was and is to reinstate Mr. Knox to his previous position and rate of pay with no condition or limitation requiring him to release or waive any claims he may have against Cessna. He is free to pursue any claims he wishes after his return. I am considering your arguments on back pay and have started some research to aid in my consideration. I will advise you of my decision as soon as I can.

2. Cessna understands the applicable anti-retaliation law and has no intention of taking any steps contrary to those laws.

3. Your letter demands that Mr. Knox have no disciplinary record of no-call no-shows. It also refers to two episodes in February in which you claim that Mr. Knox gave Cessna notice of FMLA-qualifying reasons for his absences and was nevertheless disciplined. Because I am unable to find any evidence of such events in February, I can only assume that you were referring to two instances in January (the 26th and 27th) when Mr. Knox failed to either report to work or to call in advance of his shift to advise that
Cessna Aircraft Company 5800 E. Pawnee, Wichita, Kansas 67218, 316/831-4202, Fax 316/206-3(
Mailing Address: P. O. Box 7704, Wichita, KS 67277-7704

EXHIBIT 7

he would be absent. Each of these instances was recorded as a violation of Cessna's no-call, no-show policy. I have reviewed Cessna's records and spoken to management in Columbus. To date, Mr. Knox has provided no information to Cessna to suggest either of these absence was for an FMLA qualifying event. We have no idea what "surgery period" you are referring to. Therefore, I cannot agree to your condition that these January events be removed from Mr. Knox's attendance record. However, consistent with our previous statements and offers, Cessna will remove the September 13-15 no-call, no-show entries from his attendance record.

4. With respect to Mr. Knox's vacation request, I am informed by his management that no approval was given for such vacation. At the time of his termination, Mr. Knox had no accrued vacation hours available to him. But for his termination, he would have accrued 10 hours of vacation in September and another 10 hours in October. Certainly, those vacation hours will be considered as part of his claim for back pay.

Once again, I suggest it is in both parties' interests that Mr. Knox return to work pending resolution of the back pay issues. Based on your last statements to me on the phone, however, I have advised Columbus that Mr. Knox is probably not going to return to work next week. If you and he should change your minds, please contact me.

Very truly yours,

CESSNA AIRCRAFT COMPANY

Matthew D. Flesher
Assistant General Counsel