# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| RICHARD KNOX, | * |
|     Plaintiff, | * |
| | * |
| vs. | *   CASE NO. 4:05-CV-131 |
| | * |
| THE CESSNA AIRCRAFT COMPANY, | * |
|     Defendant. | * |

## ORDER

Defendant Cessna filed a Motion For Summary Judgment on March 20, 2008, after the grant of Defendant's Motion In Limine to exclude the FMLA (Family Medical Leave Act) Certification form signed by Gregory Parker, M.D., on September 18, 2005, and any testimony related thereto. The decision to grant the Motion In Limine is set out in this court's Order of February 12, 2008 (D - 73), and the same is adopted in full as a part hereof. This court considered and concluded that, since Plaintiff had filed this FMLA action and attached the FMLA Certification signed by Dr. Parker on September 18, 2005, as the basis for the action, then all of Dr. Parker's testimony was related to the Certification. However, Dr. Parker's Certification was found, from his own testimony, to be without personal knowledge and without factual or medical basis to be legally admissible in the trial of this action. Therefore, Defendant's Motion In Limine to exclude the same was granted. Both parties were invited in said Order to make application for an interlocutory appeal, and this court offered to certify the issue for purposes of the interlocutory appeal.

Defendant suggested in a Letter, filed in this action on February 13, 2008 (D-74), the following:

> Cessna submits that the legal effect of your Order militates in favor of the entry of a final judgment and proceedings to appeal that judgment, if the parties so desire. . . . The ability of the plaintiff to prove a "serious health condition" under the FMLA is an essential element of each of plaintiff's claims. By its Order, the Court has eliminated from this case the only evidence plaintiff could have submitted to the jury to meet that essential element. . . . Cessna respectfully submits that the most expeditious way to bring this matter to final resolution is to remove the matter from the trial docket next week, and allow the defendant to file a motion for summary judgment, based on the ruling in your Order on the Motion in Limine.

On the same date, Plaintiff filed a Motion for Interlocutory Appeal, and, at a conference on February 15, 2008, was granted an extension of time to amend the same. Thereafter, on February 26, 2008, Plaintiff filed a Letter (D-83) to the court wherein he stated:

> As his Honor is aware, the purpose of the February 15, 2008 conference was to consider Defendant's suggested procedures on proceeding with this case **in light of the Court's Order granting Defendant's Motion In Limine excluding the testimony of Dr. Parker and the FMLA Certification.** Even though the granting of a Motion In Limine is not a final judgment, and by itself standing alone cannot be viewed as a final judgment, **the exclusion of Dr. Parker's testimony and the FMLA Certification in essence eliminates the evidence necessary to prove a "serious health condition", which is an essential element required under the FMLA.** (emphasis added). . . .

> The Order on the Motion In Limine is not a Final Order and given the considerations above stated, it appears to be in Plaintiff's legal interest to agree to the suggested procedure by Defense Counsel in his February 13th letter to the Court rather than seek permission to appeal from the Court of Appeals, given that the decision by that Court as to whether it will hear the case, will be based not on the substantive issues raised by Plaintiff but on whether the appeal meets the statutory requirements for an interlocutory appeal.
>
> With that in mind, Plaintiff wishes to inform the Court that if the Court is inclined to implement the procedure suggested by Defense Counsel, in order to address this case more expeditiously, Plaintiff is willing to agree to that procedure.

The emphasis added to Plaintiff's statement above is to establish that at the conference on February 15, 2008, there was no confusion, nor any argument, that the Order on Defendant's Motion in Limine excluded the deposition testimony of Dr. Parker and the FMLA Certification. Nonetheless, at the hearing on Defendant's Motion For Summary Judgment filed on March 20, 2008 (D- 85), Plaintiff argued that Dr. Parker's testimony could be used to establish a "serious health condition" as that term is defined by the FMLA. In Plaintiff's Brief in Opposition to Defendant's Motion For Summary Judgment (D-88), Plaintiff cites and relies upon the excluded testimony of Dr. Parker to show that a "serious health condition" was established by the testimony of Dr. Parker, even without the use of the FMLA Certification, which Defendant had properly demanded pursuant to 29 U.S.C. § 2614(c)(3). On page 3 of his Brief, Plaintiff cites to Dr. Parker's testimony found at page 16, lines 21 through page 17, line 10. Plaintiff's attorney asked Dr. Parker, "Now, based

on those things that he told you at that time, did you feel like he had a serious health condition?" Unfortunately for Plaintiff's case and his present purpose, Dr. Parker never answered that question.

Plaintiff took other liberties with Dr. Parker's testimony, even though it was no longer in the case due to the grant of Defendant's Motion In Limine. For example, on page 7 of his Brief, Plaintiff stated:

> On September 12, 2005, Plaintiff called Dr. Parker's Office and spoke with Dr. Parker's nurse **who took information from Plaintiff as to the level of pain Plaintiff was experiencing**, and relayed that information to Dr. Parker. (emphasis added).

Plaintiff then cites to the Deposition of Dr. Parker, Pg. 28 Line 18 through Pg. 29 Line 25, in which there is no mention whatsoever of "information from Plaintiff as to the level of pain Plaintiff was experiencing." Plaintiff adds insult to injury, by immediately following the deposition colloquy last cited with this statement:

> As a result of his prior examination of Plaintiff on September 7th, and **his discussion with his Nurse on September 12th about the level of pain Plaintiff was experiencing,** Dr. Parker signed the second Physician's Statement on September 12, noting that Plaintiff would be able to return to work on September 19, 2005.

Defendant Cessna met its initial burden seeking summary judgment when it showed that, as the result of the court's grant of its Motion in Limine, Plaintiff's FMLA case had no FMLA Certification or medical testimony upon which to base a serious health condition to support its FMLA action pursuant to 29 U.S.C. § 2615. The burden shifted to the Plaintiff, the nonmoving party, to come forward with sufficient evidence to rebut Defendant's showing

4

with affidavits or other relevant and admissible evidence. *See Avirgan v. Hull,* 932 F.2d 1572, 1577 (11th Cir. 1991); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548 (1986); Fed.R.Civ.P. 56(e). A nonmoving party opposing a supported Motion For Summary Judgment cannot meet the burden of coming forth with relevant, competent evidence by simply relying upon legal conclusions or evidence which would be inadmissible at trial. *Fontenoy v. Upjohn Co.,* 780 F.2d 1190, 1195 (5th Cir. 1986). The evidence presented cannot consist of conclusory allegations from leading questions or legal conclusions. *First National Bank of Arizona v. Cities Serv. Co.,* 319 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968). Previously excluded testimony cannot be considered by the court in its review of the record. *Dracz* v. *American General Life Ins. Co.,* 427 F .Supp. 2d 1165, 1166 (M.D.Ga., 2006) (unpublished affirmation at 201 Fed. Appx. 681 (11th Cir. 2006).

Defendant Cessna has met the exacting burden of showing that there is no genuine issue of material fact left in this case. Plaintiff has not come forward with admissible evidence which rebuts Defendant's Motion For Summary Judgment. In the Eleventh Circuit, "a party may not avoid summary judgment solely on the basis of an opinion that fails to provide specific facts from the record to support its conclusory allegations." *Evers v. General Motors Corp.,* 770 F.2d 984, 986 (11th Cir. 1985).

**WHEREFORE, MOTION FOR SUMMARY JUDGMENT** is hereby **GRANTED** in favor of Defendant Cessna Aircraft Company.

**SO ORDERED** this 21st day of April 2008.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE